IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES MCKINNEY | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-cv-00763 |
| | § | |
| KROGER TEXAS, L.P. | § | |
|    Defendant. | § | JURY DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P., in the above numbered and captioned cause – originally pending as Cause No. 153-331648-22 in the 153rd Judicial District Court of Tarrant County, Texas – files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

## I.
## BASIS FOR REMOVAL

This action is removed under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties – Plaintiff has at all relevant times been a permanently domiciled in the State of Texas, whereas Defendant has at all relevant times been a citizen of the State of Ohio – and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at all relevant times was and is a citizen and resident of the State of Texas where he has been permanently domiciled.[2] Specifically, Plaintiff has at all material times identified his permanent residence as "**7501 Camp Bowie West, Fort Worth, TX 76116**" in his medical records and discovery responses to Defendant.[3]

Kroger Texas L.P. at all relevant times was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., have ever been a resident of, incorporated in, or had a principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about December 28, 2021, while shopping at the Kroger store located at 9114 Camp Bowie W Boulevard, Fort Worth, Texas 76116, he slipped and fell on "a puddle of a mysterious clear substance."[4] Plaintiff filed suit on January 27, 2022, in the 153rd Judicial District Court of Tarrant County, Texas, alleging negligence-based causes of action against Defendant.[5]

---

[2] *See* Appx. 003, at ¶4; Appx. 017, at ¶4; Appx. 085 – Appx. 090.

[3] *See* Appx. 085 – Appx. 090.

[4] Appx. 017, at ¶7.

[5] *See generally* Appx. 001 – Appx. 007.

## IV.
## THE AMOUNT IN CONTROVERSY

As the Fifth Circuit has explained, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"[6] Likewise, the amount-in-controversy asserted by Defendant should be accepted when not contested.[7] Thus, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[8]

Here, Plaintiff has disclosed $84,147.88 of past medical expenses, of which $77,882.50 were first disclosed on August 23, 2022.[9] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.

## V.
## REMOVAL IS TIMELY

This removal is timely because Defendant's Notice of Removal was filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[10]  Defendant first became aware this case was removable on August 23, 2022, when Defendant was first served with Plaintiff's medical bills from Texas Regional Clinic, in which over $77,000 in expenses were disclosed for the first time. Prior to serving Defendant

---

[6]   *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[7]   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

[8]   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

[9]   See Appx. 081 – Appx. 107.

[10]   28 U.S.C. § 1446(b).

with the bills from Texas Regional Clinic, Plaintiff had served a notice of filing affidavits and disclosures, both of which disclosed less than $7,000 in damages.[11] Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on January 27, 2022.[12]

## VI.
## VENUE

Venue is proper in this district, under 28 U.S.C. § 1441(a), because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 153rd Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached to this notice of removal for the Court's reference:

(1)   Plaintiff's original petition (filed January 27, 2022);

(2)   Plaintiff's civil process request (filed January 27, 2022);

(3)   Citation for Plaintiff's original petition (issued January 28, 2022);

(4)   Plaintiff's first amended petition (filed February 1, 2022);

(5)   Plaintiff's second civil process request (filed February 1, 2022);

(6)   Citation for Plaintiff's first amended petition (issued February 2, 2022);

---

[11] See Appx. 069, Appx. 071; Appx. 113.

[12] See Appx. 001 – Appx. 007.

(7)   Return of service (filed February 10, 2022);

(8)   Defendant's original answer (February 25, 2022);

(9)   Plaintiff's designation of lead counsel (filed February 25, 2022);

(10)  Defendant's certificate of written discovery (filed March 29, 2022);

(11)  Agreed motion for entry of scheduling order (filed April 1, 2022);

(12)  Proposed scheduling order (filed April 1, 2022);

(13)  Scheduling order (issued April 5, 2022);

(14)  Defendant's second certificate of written discovery (May 9, 2022);

(15)  Plaintiff's notice of filing business record affidavits (filed May 18, 2022);

(16)  Defendant's demand for jury trial (August 24, 2022);

(17)  State court docket sheet (as of August 25, 2022);

(18)  Plaintiff counsel's e-mail regarding Texas Regional Clinic medical bills (dated August 23, 2022);

(19)  Plaintiff's medical bills and records from Texas Regional Clinic (served August 23, 2022); and

(20)  Plaintiff's initial disclosures (served April 5, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with this Notice of Removal:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
*Attorney-in-charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on August 26, 2022.

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**